IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Nos.:   4:10cr63/RH/GRJ
                                                                    4:12cv132/RH/GRJ
NICHOLAS MCCRAY

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Doc. 43.) The Government has filed a response limited to the issue of the timeliness of Defendant's motion, as instructed by the court. (Docs. 44, 47.) Defendant has not filed a reply, although he was afforded the opportunity to do so. (*See* Doc. 48.) After a careful review of the record and the arguments presented, the Court concludes that Defendant's § 2255 motion should be dismissed as untimely.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND

Defendant was charged via information with possession with intent to distribute cocaine in violation of 21 U.S.C. § § 841(a) and (b)(1)(C). (Doc. 8.) The Government filed a Notice of Intent to Prove Prior Conviction identifying a single prior felony drug conviction. (Doc. 9.) Defendant waived indictment (Doc. 18) and entered a plea of guilty pursuant to a written plea agreement and statement of facts before Magistrate Judge William Sherrill, who recommended that Defendant's guilty plea be accepted. (Docs. 20–24.) The district court accepted Defendant's guilty plea and sentenced him

to a term of 188 months imprisonment. (Docs. 36, 37.)  Judgment was entered on December 27, 2010. (Doc. 37.)  Defendant did not appeal.

On May 16, 2011, the court received an unsigned letter from Defendant dated April 21, 2011, in which he stated that he had expected that an appeal would have been filed on his behalf, but that he had not heard from any counsel assigned to his case. (Doc. 39.)  Defendant requested an update regarding who would be his appellate attorney and requested copies of his plea and sentencing transcripts. (*id*.)  The Court entered an order advising that because Defendant had not sought court-appointed counsel, no such appointment had been made, and that he should contact his retained attorneys if he had questions about what had happened with respect to his appeal. (Doc. 40 at 1–2.)  The court specifically stated that "Defendant should timely pursue any relief he may be entitled to under 28 U.S.C. § 2255 (taking care to comply with the one-year time limit) if he feels his attorneys were ineffective for failing to file a notice of appeal." (*id*. at 2.)

The Court received no further communication from Defendant until February 17, 2012, when it received a "Motion for Production of Documents Pursuant to Rule 34 of the Federal Rules of Civil Procedure" (Doc. 41) in which Defendant requested copies of his client file from his attorney.  The court entered an order instructing Defendant to contact his lawyer if he wanted to obtain copies of records from his file. (Doc. 42.)

On March 23, 2012, the Court received Defendant's spiral bound motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 43.)  The Government contends that Defendant's motion is untimely and should be dismissed.

## LEGAL ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's judgment of conviction is dated December 27, 2010. (Doc. 37.) Because Defendant did not appeal his conviction became final when the time for doing so expired, on January 10, 2011. The limitations period, thus, expired on January 10, 2012.

The clerk received Defendant's motion to vacate on March 23, 2012, which was beyond the one-year limitations period. Defendant executed the motion under penalty of perjury and avers that it was placed in the prison mailing system on December 2, 2011. (Doc. 43 at 14.) As the undersigned previously noted, this seems unlikely, given that the envelope containing Defendant's motion was postmarked in Santa Barbara, California on Tuesday March 20, 2012. (*See id.* at 29.) When a prisoner provides a declaration under penalty of perjury stating that he has satisfied the requirements of the "prison mailbox rule"[1] by timely providing his federal court filing to prison officials for

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266

mailing, the burden of proof then shifts to the respondent to establish through the prison mail log or other records that the pleading was not in fact delivered in a timely manner. *See* Allen v. Culliver, 471 F.3d 1196, 1198–99 (11th Cir. 2006).  The Court, therefore, directed that the Government's response be limited to the issue of the timeliness of Defendant's motion.

In its response, the Government says that during the relevant time periods for the purposes of this motion, Defendant was (and is currently) incarcerated at the United States Penitentiary in Lompoc, California ("U.S.P. Lompoc").  The Government reports that this institution does not maintain a separate "legal mail" record keeping system.  The institution, however, does mark outgoing legal mail to indicate the date the prison receives the mail from the inmate.  The specific stamp used on outgoing legal mail at U.S.P. Lompoc is shown in exhibit A to the Government's response. (*See* Doc. 47 at 10.)  The Government further says that according to authorities at U.S.P. Lompoc, on larger envelopes, this marking will be located on the front side of the item, and on smaller envelopes, it is placed on the back side. (*id*. at 8.)[2]  The envelope containing Defendant's § 2255 motion does not bear the stamp used at U.S.P. Lompoc, or any

---

(1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[2] The Government's representations, while not suspect, are not supported by an affidavit or other evidence.

Case Nos.: 4:10cr63/RH/GRJ; 4:12cv132/RH/GRJ

indication that it was handled by prison officials prior to mailing. (*See* Doc. 43 at 29; Doc. 47 at 11–12).  This supports a conclusion that the § 2255 motion was not timely filed through the procedures in place at U.S.P. Lompoc, but was instead mailed in some other manner, out of time.

This conclusion is further buttressed by the fact that Defendant's § 2255 motion has plastic spiral binding, which is atypical of filings received directly from institutions, and more significantly, by the fact that other correspondence mailed by Defendant from U.S.P. Lompoc does bear the institution's stamp as indicated. (*See, e.g.,* Doc. 49 at 10.)[3]  Defendant has not responded in opposition to the Government's evidence and argument.  Additionally, he seems to accept the conclusion that his motion was not timely filed, or at least does not deem it to warrant further review.  Defendant states in his petition for writ of error coram nobis, albeit erroneously, that his § 2255 motion was denied as untimely and "no review of this denial was sought." (Doc. 49 at 1.)  Based upon all of the foregoing, the Court finds that the Government has rebutted the presumption that Defendant's § 2255 motion was timely filed on the date reflected on the "certificate of service."

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred.  <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing <u>Akins</u>

---

[3] Defendant's motion for writ of coram nobis was stamped as received by prison authorities for mailing on August 3, 2012, and was received by the clerk on August 7, 2012. The court notes that although Defendant has filed three other pleadings while in custody at Lompoc, the electronic record does not contain a copy of both the front and the back of the envelope for each submission, and therefore the presence of the stamp on envelopes contained on Defendant's other submissions cannot be confirmed. (*See* Docs. 39, 41, 54.)

v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances."  Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).  There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling.  Therefore, Defendant's motion should be dismissed as untimely.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (Doc. 43) should be **DISMISSED as untimely**.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 25th  day of September, 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.:  4:10cr63/RH/GRJ; 4:12cv132/RH/GRJ

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).