IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASES NO.  4:10cr63-RH/GRJ
                     4:12cv132-RH/GRJ

NICHOLAS MCCRAY,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Nicholas McCray has moved under 28 U.S.C. § 2255 for relief from his sentence.  He asserts he was improperly treated as a career offender under United States Sentencing Guidelines Manual § 4B1.1.

The motion is before the court on the magistrate judge's report and recommendation, ECF No. 56.  No objections have been filed.

The report and recommendation correctly concludes that the § 2255 motion is untimely and must be denied on that basis.  Even if timely, the motion would properly be denied on two additional grounds.

First, an assertion that a sentencing court improperly calculated the guideline range must be presented on direct appeal and cannot be raised by a § 2255 motion. *Spencer v. United States*, No. 10-10676 *14-15 (11th Cir. November 14, 2014).

Second, the record shows that the court properly calculated the guideline range, at least under the law of the circuit as still in effect.  A defendant is a career offender under § 4B1.1 if (a) the defendant was at least 18 years old at the time of the offense of conviction, (b) the offense of conviction is a felony that is either a crime of violence or a controlled-substance offense, and (c) the defendant has at least two prior felony convictions for a crime of violence or controlled-substance offense.

A controlled-substance offense, within the meaning of this guideline, is a felony conviction under a statute that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."   United States Sentencing Guidelines Manual § 4B1.2(b) (2009).

Mr. McCray's offense of conviction in this case is possessing cocaine with intent to distribute.  This is plainly a "controlled substance offense."  And Mr. McCray was over 18 at the time of the offense.  The only issue, then, is whether Mr. McCray had the required prior convictions.

Mr. McCray had prior felony convictions in Florida state court for sale of cocaine within 1,000 feet of a church (presentence report ¶ 32) and attempting to traffic in cocaine (presentence report ¶ 33). Sale of cocaine is plainly a controlled-substance offense; any contrary assertion would be frivolous.

Under the law of the circuit, *attempting* to traffic in cocaine also is a controlled-substance offense. First, an attempt is sufficient; a completed offense is not required. *See, e.g.*, *United States v. Smith*, 54 F.3d 690, 692 (11th Cir. 1995). Second, even though trafficking under Florida Statutes § 893.135 requires only possession of a sufficient quantity of a drug and does not require an intent to distribute, the Eleventh Circuit has explicitly held that such a conviction meets the definition of a "controlled substance offense" under Guidelines § 4B1.2. *United States v. James*, 430 F.3d 1150, 1154-56 (11th Cir. 2005).

In sum, for three reasons, each of which would be sufficient standing alone, Mr. McCray's § 2255 motion must be denied. The motion is untimely, raises a claim available only on direct appeal, and is unfounded on the merits.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Mr. McCray has not made the required showing.  This order thus denies a certificate of appealability.  (Jurists of reason could disagree on whether trafficking under Florida law is a controlled-substance offense.  But *James* settled the issue in the Eleventh Circuit.  If a different result on this issue would entitle Mr. McCray to relief, I would grant a certificate of appealability so that he could challenge *James* before the Eleventh Circuit *en banc* or in the United States Supreme Court.  But as

set out above, Mr. McCray's § 2255 motion is plainly unfounded in other respects, so a certificate of appealability cannot properly be issued.)

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. A certificate of appealability is DENIED.

SO ORDERED on November 17, 2014.

                                        s/Robert L. Hinkle
                                        United States District Judge